IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDAPS CONSORTIUM, a business entity under Ukrainian law,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SERGIY G. KIYANICHENKO, AKA SERGIY G. KYANYCHENKO, an individual, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | No. C 05-01931 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

### INTRODUCTION

In this diversity action, defendant now moves to dismiss on the basis of *forum non conveniens*. Although a Ukrainian court would likely be the most convenient forum for adjudicating this dispute, defendant has failed to meet its threshold burden of establishing that it would be an adequate alternative forum. Accordingly, this motion is **DENIED**.

### STATEMENT

Plaintiff EDAPS Consortium is a business entity under the laws of the Ukraine (Compl. ¶ 1). It consists of the following entities, none of which are alleged to conduct business in the United States: ZNAK, Ltd, Polly-Service, Ltd., Specialized Enterprise Holography, Ltd., JSB Commercial Industrial Bank, JSC KP VTI, and PK Zorya (*id.* ¶ 7). Collectively, these companies entered into contracts with Ukrainian government officials to supply goods and services in connection with "a comprehensive Ukrainian state computer-controlled system of

product and issuance of securely printed documents, including, for example, passports, drivers licenses, government ID's and other official documents" (*id.* ¶ 6).

The complaint, filed on May 10, 2005, alleges that defendant Sergiy Kiyanichenko distributed written materials to Ukrainian government officials containing false, derogatory, defamatory and libelous statements about EDAPS Consortium (*id.* ¶ 12). In addition, a television program, which aired on or about February 10, 2005, announced that an investigation of plaintiff's contracts with the Ukrainian government would be undertaken (*id.* ¶ 14). Defendant is also accused of making other false, derogatory, defamatory, slanderous and libelous statements regarding EDAPS in a document titled "Passportisim" and during a press conference held on April 13, 2005 (*id.* ¶¶ 16–21). On April 13, 2005, the Ministry of the Interior issued a letter indicating that plaintiff's contracts with the Ukrainian government were being audited by the General Prosecutor's Office; all work and payments would also be suspended pending the investigation (*id.* ¶ 22).

The complaint further alleges that on or about March 10, 2005, the President of the Ukraine changed the passport specifications by "lowering the standards to a level which would make it more feasible for a competitor of EDAPS" to provide passports and other securely printed documents (*id.* ¶ 15). Plaintiff asserts that defendant intends to become one such competitor (*ibid.*).

Plaintiff seeks relief for (1) trade libel; (2) tortious interference with contract; (3) intentional interference with prospective economic advantage; (4) negligent interference with prospective economic advantage; (5) unfair business practices in violation of California Business & Professions Code § 17200, *et seq.*; and (6) unfair competition in violation of the Lanham Act, 15 U.S.C. 1125(a)(1)(B).

Although defendant admits he possesses a green card and resides in California for some portion of the year, he asserts that he is a citizen of the Ukraine and is employed by the Ukrainian government-owned printing facility Polygrafichniy Kombinat Ukrania (Kiyanichenko Decl. ¶ 3–4, 6). He also states that he "[is] willing to submit to the jurisdiction of the Courts of the Ukraine and [is] willing to be served in the Ukraine" (*id.* ¶ 6). Defendant

argues that all of the wrongful conduct alleged in the complaint occurred in the Ukraine. Moreover, all the witnesses, documents, photographs and videotapes are located in the Ukraine. For these reasons, defendant seeks dismissal of the action for reasons of *forum non conveniens*.

**ANALYSIS**

1. **LEGAL STANDARD.**

The inherent power of federal courts to dismiss actions under the common-law doctrine of *forum non conveniens* was recognized in the seminal case *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)(finding it permissible to dismiss an action brought in a District Court in New York when the more appropriate venue was Virginia). Because transfer of venue is now available pursuant to 28 U.S.C. 1404(a), "the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994). A court may, in the exercise of its sound discretion, dismiss an action where litigation in a foreign forum would be more convenient, "even if jurisdiction and proper venue are established." *Id.* at 448.

Under this doctrine, a district court must conclude that (1) an adequate alternative forum exists and (2) the balance of public and private interest factors favor dismissal. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). In addition, the Court may also be required to make a choice of law determination before dismissing the action. *Id.* at 1143.

2. **NO ADEQUATE ALTERNATIVE FORUM EXISTS.**

The burden is upon defendant to prove the existence of an adequate alternative forum, which is a threshold requirement. *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983). When plaintiff is a United States citizen, this is a heavy burden of proof because "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient"; a foreign plaintiff's choice of forum, on the other hand, "deserves less deference." *Piper Aircraft*, 454 U.S. at 255–56. Yet, "less deference is not the same thing as no deference." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).

Here, plaintiff argues that its choice of forum should be accorded great deference because one of its member entities, PolyService, Ltd., is the exclusive dealer in the Ukraine for

3

1  DataCard, a company based in Minnesota (Gilbert Decl. ¶ 18).  This argument is unpersuasive.
2  DataCard is not a named plaintiff in this action; nor for that matter is PolyService, Ltd.  (Even if
3  DataCard were a party to this action, Minnesota, not California, would be its home forum.)  It is
4  undisputed that EDAPS Consortium is a Ukrainian business entity.  As a foreign plaintiff, its
5  choice of forum deserves less deference.

6        The alternative-forum requirement is usually satisfied when the defendant is amenable
7  to service of process in the other forum.  *Piper Aircraft*, 454 U.S. at 255 n.22.  Otherwise, a
8  conditional dismissal would satisfy the alternative-forum requirement.  *Contact Lumber Co. v.*
9  *P.T. Moges Shipping Co.*, 918 F.2d 1446, 1450 (9th Cir. 1990).  Defendant has promised to
10 submit to jurisdiction in the Ukraine.[*]  Ordinarily, this would be sufficient.  The problem is that
11 this may be an empty promise.

12       "Where the remedy offered by the other forum is clearly unsatisfactory" or "where the
13 alternative forum does not permit litigation of the subject matter in dispute," the threshold
14 requirement of an adequate alternative forum would not be satisfied.  *Piper Aircraft*, 454 U.S. at
15 255 n.22.  Plaintiff proffers a declaration from Volodymyr Petryna, an attorney in the Ukraine.
16 Therein, he opines that the Ukraine is an inadequate forum because "there is no treaty in place
17 between the United States and Ukraine that permits reciprocal enforcement of judgments"
18 (Petryna Decl. ¶ 11).  By itself, this would be unconvincing, as the Court could condition
19 dismissal on defendant's guarantee that he would satisfy any judgments against him in a
20 Ukrainian court.  Petryna further asserts that there are "no equivalent Ukrainian laws" for
21 defamation of business entities (*i.e.*, trade libel as opposed to defamation of an individual) or
22 interference with contracts (*id.* ¶¶ 12–14).  In addition, while the Anti-Monopoly Committee
23 may "investigate questionable business practices of companies on behalf of the government of
24 Ukraine," any fines imposed are paid to the government of Ukraine (*id.* ¶ 13).  There is no
25 corresponding private right of action for damages (*ibid.*).

---

28    [*] Plaintiff challenges the authenticity of Kiyanichenko's signature on his declaration.  In light of the ruling below, the Court declines to rule at this time whether it would be admissible evidence.

4

Defendant apparently does not dispute that plaintiff has no judicial remedy in the Ukraine, but counters that an administrative remedy via the Anti-Monopoly Committee would be sufficient (Reply Br. 2–3). Defendant accurately points out that "the *forum non conveniens* analysis does not look to the precise source of the plaintiff's remedy, so [courts] will not require the alternative forum to offer a judicial remedy." *Lueck*, 236 F.3d at 1145. In *Lueck*, however, New Zealand's no-fault accident compensation scheme was found to be an adequate alternative remedy because it provided some (albeit probably less) coverage for the plaintiff's losses. In contrast, the administrative remedy here would not compensate plaintiff at all, as any fines imposed by the Anti-Monopoly Committee would be paid instead to the Ukrainian government.

It is true that "dismissal on grounds of *forum non conveniens* may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery." *Piper Aircraft*, 454 U.S. at 250. But if no private causes of action for trade libel, interference with contracts or unfair competition exist in the Ukraine, then plaintiff's remedy is not merely less favorable, but effectively "no remedy at all." *Piper Aircraft*, 454 U.S. at 254.

Because the threshold requirement of an adequate alternative forum has not been met, this order need not analyze the balance of public and private interest factors. The Court stresses that it is not convinced that California law, rather than Ukrainian law, would govern this dispute because all of the allegedly tortious acts occurred in the Ukraine. This, however, remains to be decided another day.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss on the grounds of *forum non conveniens* is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 18, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5