1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   EDAPS CONSORTIUM, a business entity                No. C 05-01931 WHA
     under Ukrainian law,
11
                    Plaintiff,
12
                                                        **ORDER (1) DENYING**
13        v.                                            **MOTION TO DISMISS FOR**
                                                        **LACK OF SUBJECT-MATTER**
14   SERGIY G. KIYANICHENKO, AKA                        **JURISDICTION; (2) GRANTING**
     SERGIY G. KYANYCHENKO, an individual,              **MOTION FOR JUDGMENT ON**
15   and DOES 1 through 50, inclusive,                  **THE PLEADINGS; AND**
                                                        **(3) VACATING HEARING**
16                  Defendants.

17   _____/

18                                    **INTRODUCTION**

19          In this action, defendant now moves to dismiss the complaint for lack of subject-matter

20   jurisdiction, or in the alternative, for judgment on the pleadings.  This order **DENIES** the motion

21   to dismiss, but **GRANTS** judgment on the pleadings in defendant's favor.

22                                    **STATEMENT**

23          Plaintiff EDAPS Consortium is a Ukrainian business entity (Compl. ¶ 1).  It consists of

24   the following Ukrainian and Eastern European entities: ZNAK, Ltd, Polly-Service, Ltd.,

25   Specialized Enterprise Holography, Ltd., JSB Commercial Industrial Bank, JSC KP VTI, and

26   PK Zorya (*id.* ¶ 7).  Collectively, these companies entered into contracts with Ukrainian

27   government officials to supply goods and services in connection with "a comprehensive

28   Ukrainian state computer-controlled system of product and issuance of securely printed

**United States District Court**
For the Northern District of California

1    documents, including, for example, passports, drivers licenses, government ID's and other

2    official documents" (*id.* ¶ 6).

3            Plaintiff alleges that defendant Sergiy Kiyanichenko is a United States citizen residing

4    in this district (*id.* ¶ 2).  The complaint accuses defendant of distributing written materials to

5    Ukrainian government officials containing false, derogatory, defamatory and libelous

6    statements about EDAPS Consortium (*id.* ¶ 12).  He allegedly made other false, derogatory,

7    defamatory, slanderous and libelous statements regarding EDAPS in a document titled

8    "Passportisim" and during a press conference held on April 13, 2005 (*id.* ¶¶ 16–21).  On or

9    about March 10, 2005, the President of the Ukraine changed the passport-printing

10   specifications; defendant "intends to, and has undertaken preparations to, compete with

11   EDAPS" in providing passports and other securely printed government documents (*id.* ¶ 15).

12            The complaint was filed on May 10, 2005.  Both federal question jurisdiction

13   (28 U.S.C. 1331) and diversity jurisdiction (28 U.S.C. 1332) are alleged to exist (*id.* ¶ 3).

14   Venue is alleged to be proper because the claims arise "based upon conduct that occurred in this

15   district," although no such conduct is further specified elsewhere in the complaint (*id.* ¶ 4).

16   Plaintiff seeks relief for (1) trade libel; (2) tortious interference with contract; (3) intentional

17   interference with prospective economic advantage; (4) negligent interference with prospective

18   economic advantage; (5) unfair business practices in violation of California Business &

19   Professions Code § 17200, *et seq.*; and (6) unfair competition in violation of the Lanham Act,

20   15 U.S.C. 1125(a)(1)(B).

21            In his answer, defendant denies the factual allegations summarized above.  Defendant

22   now moves to dismiss the action for lack of subject-matter jurisdiction, on the basis that he is a

23   resident alien and citizen of the Ukraine, not a citizen of the United States.  He argues that the

24   jurisdictional reach of the Lanham Act does not extend to extraterritorial conduct by

25   non-citizens where there is no effect on commerce within the United States; nor does diversity

26   jurisdiction extend to actions where no party is a U.S. citizen.  In the alternative, defendant

27   moves for judgment on the pleadings as to plaintiff's causes of action under state law.  He

28   argues that Ukrainian law, rather than California law, should be applied because California has

1    no interest in this dispute.  Moreover, defendant argues that he is entitled to judgment in his

2    favor because Ukrainian law does not recognize a private right of action for plaintiff's claims.

3                                      **ANALYSIS**

4    **1.     SUBJECT-MATTER JURISDICTION.**

5         Pursuant to Federal Rule of Civil Procedure 12(h)(3), an action shall be dismissed if

6    there is no subject-matter jurisdiction.  The Court is presumed to lack subject-matter jurisdiction

7    unless the contrary is affirmatively demonstrated.  *Stock West, Inc. v. Confederated Tribes*, 873

8    F.2d 1221, 1225 (9th Cir. 1989).  On a motion to dismiss for lack of subject-matter jurisdiction,

9    there is no presumption that the facts alleged in the complaint are true.  The moving party may

10   submit evidence on the jurisdictional question, to which the non-movant must respond.  *Ass'n of*

11   *Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

12                      **A.     28 U.S.C. 1331.**

13        Defendant argues that federal-question jurisdiction does not exist because plaintiff's

14   Lanham Act claim is "wholly insubstantial and frivolous," "completely devoid of merit as not to

15   involve a federal controversy" and "made solely for the purpose of obtaining jurisdiction."

16   *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)(internal citations omitted).  The

17   Court agrees.  Even assuming that plaintiff is correct that defendant is a United States citizen

18   and that its claims arose from conduct occurring in this district, its Lanham Act claim would

19   fail.

20        Pursuant to 15 U.S.C. 1125(a)(1)(B),

21        Any person who, on or in connection with any goods or services, or any
          container for goods, uses in commerce any word, term, name, symbol, or
22        device, or any combination thereof, or any false designation of origin,
          false or misleading description of fact, or false or misleading
23        representation of fact, which –

24        . . . in commercial advertising or promotion, misrepresents the nature,
          characteristics, qualities, or geographic origin of his or her or another
25        person's goods, services, or commercial activities,

26        shall be liable in a civil action by any person who believes that he or she
          or is likely to be damaged by such act.
27
          As defined in the Lanham Act, "[t]he word 'commerce' means all commerce which may
28
     lawfully be regulated by Congress."  15 U.S.C. 1127.  The application of the Lanham Act to

                                            3

United States District Court

For the Northern District of California

1   extraterritorial acts requires (1) some effect on American foreign commerce; (2) an effect

2   sufficiently great to present a cognizable injury under the federal statute; and (3) that the

3   interests of and links to American foreign commerce are sufficiently strong in relation to those

4   of other nations to justify an assertion of extraterritorial authority.  *Reebok Int'l, Ltd. v.*

5   *Marnatech Enters., Inc.*, 970 F.2d 552, 554 (9th Cir. 1992).

6        *First*, it is unclear which, if any, of defendant's acts occurred in this district or elsewhere

7   in California.  *Second*, regardless of whether the allegedly false, derogatory, defamatory and

8   libelous statements were conceived or drafted in California, in the Ukraine or some combination

9   thereof, the statements themselves were made in the Ukraine, in Ukrainian (not English) and to

10  Ukranian government officials.  As such, they presumably only had an effect in the Ukraine.

11  *Third*, the alleged unfair competition concerned the supply of Ukrainian passports and other

12  securely-printed government documents that Congress has no authority to regulate.  There is no

13  allegation that plaintiff produces any goods or services outside the Ukraine, much less that

14  defendant's conduct had any effect on commerce within the United States.  This order finds,

15  therefore, that jurisdiction pursuant to 28 U.S.C. 1331 does not exist because plaintiff's Lanham

16  Act claim is completely devoid of merit.  The jurisdictional inquiry, however, does not end

17  here.

18             **B.    28 U.S.C. 1332.**

19        As for diversity jurisdiction, the complaint alleges that diversity jurisdiction exists

20  because defendant is a citizen of the United States residing in California.  While it is true that

21  plaintiff would be required to respond to any evidence indicating that defendant is merely a

22  resident alien (assuming *arguendo* that diversity jurisdiction would not exist in such a case), *no*

23  *such evidence was proffered*.  The motion appends no sworn declaration that defendant is not a

24  United States citizen, nor a copy of his green card or Ukrainian passport (under seal or

25  otherwise) for the Court's review.  Unsupported assertions by counsel are insufficient.

26        Counsel indicates in a footnote of his reply brief that he would be willing to bring a copy

27  of defendant's green card to the hearing (Reply Br. 4, fn. 2).  Based on the evidence of record,

28  however, the Court cannot conclude that diversity jurisdiction is lacking over plaintiff's causes

of action under state law.  For this reason, defendant's motion to dismiss is **DENIED**.  This order thus proceeds assuming that diversity jurisdiction exists.

### 2.    JUDGMENT ON THE PLEADINGS.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  FRCP 12(c).  A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss pursuant to FRCP 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party.  *Brennan v. Concord EFS, Inc.*, 369 F. Supp.2d 1127, 1130–31 (N.D. Cal. 2005).  "Conclusory allegations of law and unwarranted inferences" are insufficient to defeat a Rule 12 motion.  *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  Yet, the factual allegations of the non-moving party are accepted as true, while the allegations of the moving party are assumed to be false.  *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  "Judgment on the pleadings is proper when proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Ibid.*

Defendant moves for judgment on the pleadings on the basis that Ukrainian law, not California law, should be applied to this case.  The choice-of-law analysis employed by California courts is a three-step "governmental interest" approach.  This inquiry requires the Court to determine (1) whether the substantive laws of the two jurisdictions differ; (2) whether both jurisdictions have an interest in having its own law applied; and (3) which jurisdiction's interest would be more impaired if its policy were subordinated to the policy of the other — a so-called "comparative impairment" analysis.  *Liew v. Official Receiver and Liquidator*, 685 F.2d 1192, 1195 (9th Cir.1982).

As to the first step of this analysis, the parties agree that the substantive laws of California and the Ukraine differ, with the latter creating no private right of action for unfair competition claims.  Plaintiff argues, however, that defendant must demonstrate that the Ukraine has affirmatively rejected allowing such relief.  The Court is not persuaded that this is a requirement under the "governmental interest" analysis described above.

5

United States District Court

For the Northern District of California

1   With respect to the second step, this order finds that California has no interest in having

2   its laws applied to resolve what is essentially a dispute over the production of Ukrainian

3   passports.  Defendant's putative citizenship, while it may give rise to diversity jurisdiction, is

4   irrelevant to plaintiff's likelihood of prevailing in its state claims.  Notwithstanding plaintiff's

5   conclusory assertion that its claims arose from "conduct that occurred in this district," there is

6   not a single factual allegation describing defendant's alleged activities in California.  Even

7   construing all factual allegations in the complaint as true and in the light most favorable to

8   plaintiff, the Court must conclude that only the Ukraine has an interest in having its laws

9   applied.  As such, this order need not proceed to the third step of the choice-of-law inquiry.

10   Because Ukrainian law applies to this dispute, defendant is entitled to judgment in his

11   favor as no private right of action for unfair competition claims is recognized.  Plaintiff argues

12   that the development of this area of law in the Ukraine is still in its infancy stages.  But even if

13   there will be a parallel system of laws governing business torts in the Ukraine *someday*,

14   plaintiff's only recourse *now* is to request an investigation by the Anti-Monopoly Committee.  It

15   will find no legal relief before this Court or any other in California.

16   **CONCLUSION**

17   For the foregoing reasons, defendant's motion to dismiss for lack of subject-matter

18   jurisdiction is **DENIED**.  Defendant's motion for judgment on the pleadings, however, is

19   **GRANTED**.  The hearing on these motions, currently scheduled for **NOVEMBER 10, 2005**, is

20   **VACATED**.

21

22   **IT IS SO ORDERED.**

23

24   Dated:  November 1, 2005

25   WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

26

27

28