IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDAPS CONSORTIUM, a business entity under Ukrainian law,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SERGIY G. KIYANICHENKO, AKA SERGIY G. KYANYCHENKO, an individual, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.　　　　　　　　　／ | No. C 05-01931 WHA<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND VACATING HEARING** |

## INTRODUCTION

After prevailing on his motion for judgment on the pleadings, defendant Sergiy G. Kiyanichenko moves for attorney's fees pursuant to the Lanham Act, 15 U.S.C. 1117. This order finds exceptional circumstances do not exist to justify an award under that statute. The Court therefore **DENIES** defendant's motion.

## STATEMENT

Plaintiff EDAPS Consortium filed its complaint on May 10, 2005. The complaint accused defendant of distributing written materials to Ukrainian government officials containing false, derogatory, defamatory and libelous statements about plaintiff. Defendant allegedly made other false, derogatory, defamatory, slanderous and libelous statements

1  regarding plaintiff in a document and during a press conference. Plaintiff sought relief for
2  (1) trade libel; (2) tortious interference with contract; (3) intentional interference with
3  prospective economic advantage; (4) negligent interference with prospective economic
4  advantage; (5) unfair business practices in violation of California Business & Professions Code
5  Section 17200 and (6) unfair competition in violation of the Lanham Act.

6  On August 18, 2005, the Court denied defendant's motion to dismiss plaintiff's
7  complaint on the basis of *forum non conveniens*. Defendant then moved to dismiss for lack of
8  subject-matter jurisdiction or, in the alternative, for judgment on the pleadings. On
9  November 1, 2005, the Court found an absence of federal-question jurisdiction given the lack of
10  connection between the alleged Lanham Act violation and California or the United States. The
11  Court, however, assumed subject-matter jurisdiction on the basis of diversity. The Court then
12  granted defendant's motion for judgment on the pleadings. The order found that Ukranian law
13  controlled the parties' dispute. Under Ukranian law, no basis for relief existed. Defendant now
14  moves for attorney's fees under the Lanham Act.

**ANALYSIS**

16  Under the Lanham Act, courts "in exceptional cases may award reasonable attorney fees
17  to the prevailing party." 15 U.S.C. 1117(a). Although the statute does not define
18  "exceptional," our circuit has found that "[w]hen a plaintiff's case is groundless, unreasonable,
19  vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's
20  fees to the defendant." *Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821, 827 (9th
21  Cir. 1997).

22  Defendant argues that plaintiff instigated its lawsuit in bad faith. Defendant maintains
23  that the true motive of plaintiff's action was to expose personal information about defendant
24  and create anti-government propaganda (Dicker Decl. ¶¶ 18–20). Other than defense counsel's
25  conclusory statements to this effect, however, no evidence substantiates these allegations of bad
26  faith.

27  Defendant further argues that plaintiff's case was groundless because plaintiff's claims
28  had no effect on California or the United States. The November order did find federal-question

2

jurisdiction absent for just this reason. Nevertheless, the Court is reluctant to conclude that such a jurisdictional deficiency is exceptional. This is particularly so given that the Court's August order found plaintiff's complaint sufficiently related to the United States to avoid *forum non conveniens*. Moreover, the November order found jurisdiction was present, at least presumptively, based on diversity. The ultimate basis for judgment against plaintiff was that Ukranian law applied and such law did not allow for plaintiff's requested relief. Again, this was a primarily procedural determination, not a decision about the substance of plaintiff's claims. The November order did not foreclose the possibility that some avenue for plaintiff's relief might still exist, such as the Anti-Monopoly Committee. This order thus finds no exceptional circumstances.

## CONCLUSION

For the foregoing reasons, defendant's motion for attorney's fees is **DENIED**. Finding no further argument necessary, the Court hereby **VACATES** the hearing on this motion.

**IT IS SO ORDERED.**

Dated: January 6, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3